**ORIGINAL**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

FILED
2020 DEC 17 PM 4:00

DEPUTY CLERK _____

Antonio Ausler
Plaintiff

v.

Ryan Wallace/ASG/DKS Installations LLC.
Defendant

Civil Action No. 3-20CV3665-E

## COMPLAINT

Please See attached

\* Attach additional pages as needed.

Date: 12-17-2020
Signature: [signed]
Print Name: Antonio Ausler
Address: 4689 Mustang Parkway #4213
City, State, Zip: Carrollton TX. 75010
Telephone: (501) 428-9338

JS 44 (Rev. 10/20) - TXND (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Antonio Ausler

### DEFENDANTS
Ryan Wallace Ex. El

**(b)** County of Residence of First Listed Plaintiff — Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

RECEIVED
DEC 17 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Attorneys *(If Known)*
Larry Simmons

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | PERSONAL PROPERTY | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | LABOR | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 490 Cable/Sat TV |
| 196 Franchise | | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 751 Family and Medical Leave Act | 862 Black Lung (923) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | Habeas Corpus: | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | FEDERAL TAX SUITS | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | Other: 540 Mandamus & Other | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 462 Naturalization Application | | |
| | | 555 Prison Condition | 465 Other Immigration Actions | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII 28 U.S.C. 1491 28 U.S. Code 1331, 28 USC 1352(a)

Brief description of cause:
discrimination, retaliation, wrongful discharge

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 295,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 12-17-2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS


ANTONIO AUSLER
4689 Mustang Parkway #4213
Carrollton, Texas 75010
Plaintiff/Petitioner,

) -Vs- )

                                                                                      Civil Action No.: _____

RYAN WALLACE, EX EL
KERRY WALLACE
JOHN ODDO
ASG/DKS INSTALLATIONS LLC.
2541 S IH 35, Suite 200, #332, Round Rock, Texas 78664.
Defendants/Respondents, )


## COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS
## TRIAL BY JURY DEMANDED

## JURISDICTION & VENUE

Pursuant to Title VII & the equal pay act, 28 U.S.C. § 1441(a), this court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332(a) (diversity jurisdiction).

## PARTIES

1) Plaintiff/Petitioner Antonio Ausler, (hereafter "Plaintiff") has had a place of residence in "Carrollton", since March of 2020.
2) Defendant, Ryan Wallace
(hereinafter "ASG/DKS Installations LLC") at all times relevant to the facts herein this complain: City of "Round Rock" .
3) Defendant, Kerry Wallace
City of "Round Rock" (hereinafter "ASG/DKS Installations LLC")
4) Defendant, John Oddo
City of "Round Rock" (hereinafter "ASG/DKS Installations LLC")
5) Defendant  ASG/DKS Installations LLC
City of "Round Rock"

1

## COMPLAINT

1. Mr. Ausler alleges and has shown that ASG wrongfully terminated him and subjected him to unlawful discrimination and retaliation based on his race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), Tex. Lab. Code Ann. 451.001, Tex. Lab. Code Ann. 21.055 and Tex. Lab. Code Ann. 502.0176 and violations to the Equal Pay Act.
2. As discussed in more detail below, the record is clear that ASG discriminated and retaliated against Mr. Ausler on dates including February 7, 2020.
3. The record conclusively establishes that ASG did not have a legitimate non-discriminatory reason for his termination, although they have falsely claimed "– ongoing performance and attendance issues for which he received feedback and progressive discipline".
4. Mr Ausler has shown thorough evidence to be one of many knowingly false statements made by his employer.
5. Mr. Ausler has shown that he never violated ASG's time and leave policy by being excessively tardy and leaving work early without approval or had any performance failures while employed by ASG.
6. As described in detail below, Mr. Ausler has presented direct and circumstantial evidence of discrimination and retaliation, and he has established the prima facie elements of his claims, and that ASG's discriminatory reasons were a pretext for his termination.

## MR. AUSLER'S EMPLOYMENT HISTORY

7. Mr. Ausler applied for an open ASG Modular Wall Installer position on August 19, 2020 and was hired on September 3, 2019. As shown through text messages, Mr. Ausler was supposed to be paid $18.50 per hour as agreed upon hiring instead after his first check his pay rate went down to $18.00 per hour.
8. Mr. Ausler was also eligible for overtime pay, per diem, and bonuses for bringing on new employees, and was never properly paid by his employer for either, as shown through multiple messages.
9. Mr. Ausler's job duties included, but were not limited to, travelling state to state to jobsites to assemble, disassemble, and relocate furniture systems.

2

10. During Mr. Ausler's employment with ASG, he made multiple complaints of discrimination to his foreman and a supervisor or an officer of ASG, Ryan Wallace, as shown through evidence ASG has multiple records of training complaints or reports of alleged unsafe conditions or practices made by Mr. Ausler, while they have knowingly and willingly falsely claimed there are none.
11. Mr. Ausler also disputed his pay on numerous occasions, which ASG never fully resolved many of those issues. By way of example,
12. Mr. Ausler and ASG discussed Mr. Ausler's pay concern regarding December 2019 time. In this instance, Mr. Ausler showed he was not paid for three days of work hours, three days of per diem, and travel time both ways. ASG knowingly falsely claimed in their answer to the EEOC, "Mr. Ausler walked off the job site one of the days at issue, and the remaining two days were non-workdays due to the Christmas holidays".
13. Mr. Ausler's has shown through texts messages that he has never walked off any job without permission nor has he been tardy or late without permission.
14. His employer has made knowingly false statements in effort to have Mr. Ausler's claim dismissed by way of perjury, false or incomplete information and what appears to be fraud.
15. Additionally, in January 2020, Mr. Ausler messaged ASG Installation Manager, Ryan Wallace, based on his belief that he did not receive full compensation for the pay period. ASG accounted for the 30 hours that were "inadvertently" not included on Mr. Ausler's time sheet and told Mr Ausler it was his fault and he is responsible for verifying time sheets prior to submission, after Mr. Ausler has repeatedly expressed concern in how time was required to be turned in without his involvement.
16. In early 2020, after Mr. Ausler had been working since September 3, 2019, ASG received multiple letters from the Office of Child Support Enforcement, such as Income Withholding for Support and National Medical Support Notices, legally requiring ASG withhold certain income from Mr. Ausler's income as directed for four of Mr. Ausler's children. Deductions for Mr. Ausler's child support obligations were only withdrawn from his last few checks.
17. Mr Ausler also has reason to believe that money also taking out of his checks for taxes were not being paid to the government as required by law.
18. Mr. Ausler was terminated on February 7, 2020. The only piece of evidence provided to the EEOC in support of his employers false claim of why he was wrongfully discharged is dated the same day and hours after he was fired.
19. At which his employer falsely claims "Mr. Ausler's supervisors submitted exit reviews of Mr. Ausler's performance, detailing his "bad attitude" and lack of accountability." Which consisted of one email from a private sender.

20. Mr Ausler's employer has claimed he was provided with information on how to file complaints with a "Dan Stack" Mr. Ausler was never provided with a name or a phone number of any "Dan Stack" or any other person for that matter, to address his concerns in regards to training or racial issues taking place on the job, as his employer falsely claimed to the EEOC.
21. Mr Ausler did however, as shown through text messages on the dates of September 12, 2019, October 25, 2019, November 21, 2019, December 12, 2019, December 14, 2019, January 6, 2020, January 10, 2020, January 11, 2020, January 13, 2020, and February 7, 2020, make complaints to Ryan Wallace in regards to the issues mentioned herein.
22. Mr. Ausler was also never disciplined for attendance issues nor was he ever in violation of ASG's time and leave policy by being tardy and leaving work early without approval as shown through text messages on January 13, 2020, December 22, 2019 and other dates.
23. Mr Ausler notified Ryan Wallace and received approval on each day that He arrived late, and on jobs that he left early. In the multiple occasions that he did leave jobs early it was because of racial issues on the job at which Ryan Wallace sent him to other jobs instead of following company policy or the laws of Texas, as shown through text messages
24. Mr. Ausler requested a handbook on January 13, 2020 from Ryan Wallace and was told that he would receive one at their first employee meeting since he was hired, in late January. Mr Ausler never received a handbook from his employer.
25. As shown by messages between Ryan Wallace and Mr. Ausler on January 17, 2020 and January 28, 2020, all of the foreman he had worked for were excited to work with him and bragged on how well he worked.
26. The only complaint or piece of evidence that has been provided to support their false claims, is their "Exhibit E" to the EEOC, a message dated February 7, 2020, time stamped a few hours after he was wrongfully discharged.
27. Mr. Ausler made complaints to Ryan Wallace on multiple occasions about the racial issues on the job, in regards to the way blacks were treated and the difference in the work load on blacks compared to the other races on the jobs, also about training practices, procedures and missing hours and benefits.
28. The messages from December show that not only was Mr. Ausler allowed by Ryan Wallace to leave the job, but he was leaving that job because of racial issues and his complaints about unsafe working conditions and practices, as he had to leave other jobs for the same complaints.
29. On November 3, 2019, as shown through messages between one of his foreman "Big Dave" and Mr. Ausler it was common and expected to not receive money owed to employees from ASG/ DKS installations.

30. On January 13, 2020 and February 7 of 2020, text messages show that he explained that there was not any way for employees to verify the time sheets. It was the foreman's responsibility for turning in their time,
31. and because of racial issues and the fact that Mr. Ausler could not be present when his time was turned in, his hours were reported short on multiple occasions, he was not reimbursed for parking on multiple occasions, and he was not paid for mileage and Per diem on multiple occasions, even after being made to perform harder jobs then other races on the jobs.
32. In regards to the knowingly false claim that Mr. Ausler was fired for performance issues attendance and other false claims, it is shown through text messages on February 6, 2020
33. Mr. Ausler notified Ryan Wallace that he would have to leave Dallas Texas on Friday, February 7, 2020 to help his mom. Ryan Wallace replied back "that's fine hope she's Ok", without any mention of any complaints about his performance or attendance.
34. The following day, Friday, February 7, 2020 there was another issue with Mr. Ausler check and he sent a message to Ryan Wallace as Mr. Ausler and Ryan Wallace were texting back and forth, Ryan Wallace called Mr. Ausler, as shown in the text messages from February 7 of 2020, and said that he was trying to sue him,
35. because he was made aware that Mr. Ausler had hired attorney "Nick Wagoner", the day before on February 6 of 2020, to ascertain these issues in regards to his pay, racial discrimination and unsafe working conditions, that is when Mr. Ausler was discharge.
36. Mr. Ausler has provided a recording to the EEOC of himself and his foreman "Eduardo" from February 7, 2020 moments after he was fired, text messages between Mr. Ausler and Ryan Wallace, text messages between one of his foreman "Max", and foreman "big Dave". He has also provided videos including foreman "Alex" who is also black or African American employee complaining about how they are being treated.

37. Furthermore, as shown through text messages Mr. Ausler was never disciplined for tardiness or performance issues. While other employees who were not African American were allowed to come to work at whatever time they wanted and whenever they wanted, come to work intoxicated, walk off jobs and return without incident, not perform regular job duties and create a unsafe work environment for Mr. Ausler
38. The only truth found in his employers statement of position and response to the EEOC in regards to his employment with ASG/DKS installations is the date he

5

was hired and the date he was wrongfully terminated, discrimated and retaliated against.
39. In ASG's statement of position and response to the EEOC, they have provided text messages as exhibits, but the text messages provided by Mr. Ausler, comes from the same thread they have a picked and chose from to try to willfully mislead the EEOC while knowingly committing perjury.
40. Mr. Ausler is forced to assume these same unlawful tactics will be attempted against this court by his employer.
41. They have shown themselves to be dishonest and willfully and knowingly capable of committing perjury, and further crimes against Mr. Ausler to hide, deceive, and mislead the EEOC and this court, in attempt to further violate Mr. Ausler's rights.
42. As shown through text messages, videos and even the statement of position and response, Mr. Ausler was subjected to, and is still being subjected to, unlawful and racially motivated actions, work environments, and treatments.
43. Mr. Ausler has provided videos and text messages showing the difference in workloads based off of race and unfair and unsafe working conditions and practices. He has also shown that these parties mentioned will disregard laws, penalties and fines, to Continue there knowingly and willfully racially motivated actions, ignoring facts of evidence and laws that if did not exist, would have allowed this court to rule in their favor.

## **FEDERAL CAUSES OF ACTION**

44. Mr. Ausler has Surpassed a Prima Facie Case for Race Discriminationand established that he was discriminated against because of his race in violation of Title VII, the Equal Pay Act and, Tex. Lab. Code Ann. 21.055, Tex. Lab. Code Ann. 502.0176.  and Tex. Lab. Ann. 451.001 which  makes it "an unlawful employment practice for an employer . . . to discharge . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."
45. U.S.C. § 2000e–2(a)(1). A claim of employment discrimination can be proven through direct or circumstantial evidence. "Where . . . the plaintiff does not produce any direct evidence of discrimination, we apply the well-known McDonnell Douglas burden-shifting framework as modified and restated . . ." Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc., 482 F.3d 408, 411 (5th Cir.

2007); see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Winters v. Chubb & Son, Inc., 132 S.W.3d 568, 574 (Tex. App.— Houston [14th Dist.] 2004, no pet.) (TCHRA). As the Court noted in Winters:

46. Under the burden shifting analysis, the plaintiff is first required to present a prima facie case of discrimination. If the plaintiff is successful in demonstrating a prima facie case, the burden shifts to the defendant to produce evidence showing a legitimate, nondiscriminatory reason for the adverse employment actions. If the defendant succeeds in carrying his burden, the plaintiff must then prove, by a preponderance of the evidence, that the defendant's reasons are merely a pretext for discrimination.Id. (internal quotations omitted). Once a defendant has articulated a legitimate, non- discriminatory reason for the termination, the plaintiff cannot prevail unless he proves that the articulated reason is a pretext and that discrimination was the real motivation for the termination, as Mr. Ausler has shown.

47. To establish a prima facie case of race discrimination, Mr. Ausler needed to show that he was: "(1) a member of a protected group; (2) qualified for the position; (3) suffered some adverse employment action; and (4) was treated less favorably than a similarly situated employee outside the protected class or was otherwise terminated because of a protected characteristic." Gibson v. Verizon Servs. Org., Inc., 498 F. App'x 391, 395 (5th Cir. 2012). Here, Mr. Ausler has satisfied all elements of his prima facie case.

48. Mr. Ausler as an African American man, has shown through text messages that he was treated differently than similarly situated persons outside his protected class. Further, in considering the fourth prong of the prima facie case of discrimination, Mr. Ausler needed to show that an employee not in his protected class engaged in conduct nearly identical to that which Mr. Ausler was terminated, but not terminated. As mentioned herein and can be shown through text messages and videos provided to the EEOC. McCarry v. Univ. of Miss. Med. Ctr., 355 Fed. Appx. 853, 857 (5th Cir. 2009).

49. Mr. Ausler is able to show that that their were ASG employees that repeatedly walked off job sites and exhibited numerous other ongoing performance issues without termination.

50. Regarding payment and violations to the Equal Pay Act, Mr. Ausler was denied proper wages as agreed upon hiring, his child support obligations were not being paid and Mr. Ausler believes he can show that taxes were taken out of his checks but not turned over to the government.

51. Mr. Ausler has provided direct evidence to support his conclusory allegations that ASG's actions were based on race, that he was required to perform harder jobs, denied training, and incorrectly paid, and that is sufficient to sustain a claim. As

7

discussed above, Mr. Ausler was terminated by ASG for discriminatory reasons and has established causation between his race and the employment action.
52. In short, Mr. Ausler has provided direct evidence to describe and support his conclusory allegations that ASG provides non-African American workers "easier" jobs, more training, or more pay. Although Mr. Ausler's employer has stressed that he was one of the highest paid, he was repeatedly told by Ryan Wallace and multiple foreman that because of Mr. Ausler's name "Antonio" they were under the assumption he was "Mexican" when he was hired at $18.50 per hour at which went down to $18.00 per hour after his first check.
53. Therefore, Mr. Ausler has established a prima facie case of race discrimination, retaliation, wrongful discharge and violations to the Equal Pay Act, the undisputed facts support Mr. Ausler's race discrimination claim.
54. Mr. Ausler Asserts a Valid Claim for Retaliationbecause there was a causal link between his purported opposition to alleged unlawful employment practices and his termination. The evidence establishes that, just 1 day prior to Mr. Ausler being wrongfully discharged, he had hired attorney "Nick Wagoner" to ascertain and file a lawsuit in regards to the issues mentioned herein.
55. Evidence of Pretext Winters, 132 S.W.3d at 574As discussed above, the McDonnell Douglas burden-shifting framework applies to discrimination claims under Title VII. Vargas, 630 F. App'xat 216;Under that framework, if a plaintiff makes a prima facieshowing, the burden shifts to the employer to proffer a legitimate rationale for the underlying employment action. Id. If the employer makes this showing, the burden shifts back to the plaintiff. Id. The plaintiff bears the ultimate burden of proving that the employer's articulated reasons are pretext for the real, discriminatory and/or retaliatory purpose.
56. Mr. Ausler has satisfied his burden to show that ASG proffered reasons for his termination are pretext for a discriminatory motive. To show pretext, a plaintiff must prove that the reason proffered by the employer for termination is unworthy of credence, or that the employer's decision was more likely motivated by discriminatory or retaliatory reasons. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 257 (1981). To do so, Mr. Ausler has proffer "substantial evidence." Johnson v. Manpower Prof'l Servs., 442 F. App'x 977, 981 (5th Cir. 2011).
57. Mr. Ausler has shown substantial evidence that ASG's actions were discriminatory and/or retaliatory, establishing pretext. Accordingly, for this independent reason as well, Mr. Ausler's discrimination claim is successful as a matter of law.

## PRAYER FOR RELIEF

58. Mr. Ausler has suffered mentally, emotionally and financial burdens since he was discriminated against and wrongfully terminated.
59. Mr. Ausler has lost weight, is now suffering from anxiety and depression, he has lost his place of residence and has been forced to go from one relatives to another in order to have a place to sleep.
60. Personal relationships with his kids and others has been affected by not being able to fulfill needs, wants or promises made because of the benefits and amount of money he would have earned, had it not been for his employers actions or failures to act.
61. Mr. Ausler's truck payment and other obligations have fallen behind and he never had any issue with it being paid before he was discharged.
62. Mr. Ausler's entire life has been turned upside down from how he has been treated as an African American man, making from $1,200-1,800 a week to barely getting a little over $100 dollars a week now, and not being able to find a job paying nearly what he was making,
63. Mr. Ausler is emotionally, mentally, physically and financially in turmoil because of the discriminatory actions taken by Ryan Wallace, ASG and DKS Installations LLC
64. Mr. Ausler is requesting $20,000 for pain and suffering
65. Mr. Ausler can show lost pay damages at which he is requesting from this court,
66. Mr. Ausler lost his 401k, option for health and dental insurance for him and his children, and new hire benefits, at which Mr. Ausler is requesting $65,000 for his lost pay and lost benefits.  ($18.00x70hrsx44wks=$55,440)
67. Mr. Ausler also prays for punitive damages in the amount of $200,000 to ensure that the defendants understand the seriousness of their actions and to deter them from making any further future acts of discrimination, retaliation, perjury, fraud or attempts to impede in any way, any investigation, complaint or lawsuit where the facts and evidence is not in their favor.
68. Mr. Ausler also hopes in having to pay punitive damages his employer would understand the need for training and provide better working conditions and safety measures to their African American employees.

## **CONCLUSION**

69. For the reasons described above, Mr. Ausler's discrimination and retaliation claims are proven as a matter of law.
70. Therefore, Mr. Ausler respectfully prays and request of this court that the defendants are forced to pay as a matter of law and without any delay in the amounts of
71. $20,000 for pain and suffering $65,000 for lost pay and lost benefits and $200,000 for punitive damages

And plaintiff prays for any and all other relief that this court deems necessary and the plaintiff is entitled by law.

# VERIFICATION

State of Texas)

) SS.

County of Dallas)

I, Antonio Ausler, plaintiff in the attached form for damages do affirm the facts & allegations within the attached complaint hereto to be TRUE & CORRECT to the very best of my knowledge & belief. SO HELP ME GOD!

Plaintiff, Pro se Antonio Ausler
4689 Mustang Parkway #4213
Carrollton, Texas 75010
deshawnausler@yahoo.com
(501)428-9338

Sworn to & subscribed before me on this 17 day of December 2020.

_____ Notary Public At Large –

State of Texas.

My Commission expires: 9-17-21

PERRI D PARTRIDGE
Notary Public
STATE OF TEXAS
My Comm. Exp. 09-17-21
Notary ID # 1049343-2

11

Certificate of Service (Sample Language)

On 12-17-20 I filed (the " Compleint For damages, with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

_____

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Antonio D. Ausler
6 AUSLER RD
Plumerville, AR 72127

From: Little Rock Area Office
820 Louisiana
Suite 200
Little Rock, AR 72201

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2020-01541 | Chris E. Stafford, Investigator | (501) 324-5812 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_signature_   09/22/2020

William A. Cash, Jr.,
Area Office Director
(Date Mailed)

Enclosures(s)

cc: Kerry Wallace
Owner
DKS INSTALLATION SERVICES LLC
2541 South Interstate 35
Round Rock, TX 78664

LARRY SIMMONS
GERMER PLLC
2929 Allen Parkway, Ste 2900
Houston, TX 77009