IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO AUSLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3665-E-BN |
| | § | |
| ASG/DKS INSTALLATIONS LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

### **MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Plaintiff Antonio Ausler, who now resides in Carrollton, Texas, a municipality that lies in Dallas, Collin, and Denton Counties, and thus is within both the Dallas Division of the district and the Sherman Division of the Eastern District of Texas, see 28 U.S.C. §§ 124(a)(1) and 124(c)(3), bring a *pro se* discrimination case against his former employer, Defendant ASG/DKS Installations LLC, of Round Rock, Texas, and others. *See* Dkt. No. 3.

United States District Judge Ada Brown referred Ausler's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Ausler leave to proceed *in forma pauperis*. *See* Dkt. No. 6. And, to determine a proper venue for this case, issued a questionnaire, to which Ausler has now responded. *See* Dkt. Nos. 7 & 8.

Insofar as Ausler alleges claims of employment discrimination based on race and retaliation and cites Title VII of the 1964 Civil Rights Act, venue is governed by

Title VII's special venue provisions, which "displace[] the general rules for venue." *Dabney v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *accord Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))).

Section 2000e-5(f)(3) provides that

> [e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), and it

may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a); *see also Horseshoe Entm't*, 337 F.3d at 433 ("[T]he last sentence of [Title VII's] special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in [such a] case.").

And a district court may raise the issue of venue *sua sponte. See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) ("A transfer of venue may be made upon the motion of any party or by the court sua sponte." (collecting cases)).

Considering Ausler's allegations against Title VII's venue provisions, he alleges that his former employer is in Round Rock, Texas, *see* Dkt. No. 3 at 3, 15, that he traveled as an installer, *see, e.g., id.* at 4 (alleging that his "job duties included, but were not limited to, traveling state to state to jobsites to assemble, disassemble, and relocate furniture systems"), and that discriminatory acts occurred at various job sites outside of Round Rock, *see* Dkt. No. 8 at 3-4 (in Sugarland, Texas; New Orleans, Louisiana; Denver, Colorado; and Dallas, Texas).

But, after reviewing Ausler's allegations as a whole, he does not allege that specific discriminatory actions occurred at one remote worksite or another that would outweigh the tenor of his allegations – that, while the discriminatory conduct may

have been felt by Ausler at various jobsites, the alleged conduct emanated from his employer's headquarters in Round Rock. *See, e.g.*, *Fowler v. Deloitte & Touche, LLP*, Civ. A. No. 15-2695, 2017 WL 1293983, at *8 (W.D. La. Mar. 24, 2017) ("Under the first prong [of Section 2000e-5(f)(3)], an employment practice is 'committed' where the alleged discriminatory conduct occurred, rather than where its effects are felt." (citing *Kapche v. Gonzales*, Civ. A. No. V-07-31, 2007 WL 3270393, at *4 n 4 (S.D. Tex. Nov. 2, 2007) ("Under the plain language of section 2000e-5(f)(3), the location where improper discriminatory conduct occurs rather than where its effects are felt is where venue properly lies." (collecting cases)))).

The judicial district and division in which Round Rock lies is also likely where the employment records relevant to the alleged discriminatory practices are maintained and administered, as reflected by the EEOC Dismissal and Notice of Rights attached to Ausler's complaint. *See* Dkt. No. 3 at 15.

This document also reflects that Ausler pursued his EEOC administrative action where he resided at the time, as the Dismissal and Notice of Rights was issued by the EEOC's office in Little Rock, Arkansas to Ausler at an address in Plumersville, Arkansas. *See id.* And he appears to have repeated this practice by filing this lawsuit in this judicial district and division, as he currently resides in Carrollton, Texas, a municipality that in part lies within this judicial district and division. But "a plaintiff's residence is … equally insufficient … to establish venue under 42 U.S.C. § 2000e-5(f)(3)" and "to overcome a plaintiff's choice of venue where[, like here,] other

- 4 -

provisions of 42 U.S.C. § 2000e-5(f)(3) are satisfied." *Graham v. Spireon, Inc.*, No. 14-cv-00131, 2014 WL 3714917, at *2-*3 (N.D. Ill. July 25, 2014) (citations omitted).

The Court would reach the same conclusion – that venue is proper in Round Rock, not in Dallas – to the extent that the general venue statute, 28 U.S.C. § 1391(b), also applies here. Section 1391(b) provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction.

The Court therefore concludes that because Round Rock is a municipality in Williamson County, which lies within the Austin Division of the Western District of Texas, *see* 28 U.S.C. § 124(d)(1), this case will be transferred to that judicial district and division under 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1391(b), and the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6 on **January 25, 2021** to allow any party to file an objection to Judge Brown within 14 days after being served with a copy of this order. *See* FED. R. CIV. P. 72(a).

If an objection is filed, the transfer of this case is stayed pending further order of the Court.

SO ORDERED.

DATED: January 4, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE