IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO AUSLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3665-E-BN |
| | § | |
| ASG/DKS INSTALLATIONS LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

Plaintiff Antonio Ausler, who now resides in Carrollton, Texas, bring a *pro se* discrimination case against his former employer, Defendant ASG/DKS Installations LLC, of Round Rock, Texas, and others. *See* Dkt. No. 3. On January 4, 2021, United States Magistrate Judge David L. Horan, to whom this case is referred for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference, entered a memorandum opinion and order transferring this case to the Austin Division of the Western District of Texas. *See* Dkt. No. 10. Ausler now objects to Judge Horan's memorandum opinion and order, asserting, in sum, that this case should stay in the judicial district and division in which he asserts he resides. *See* Dkt. No. 11.

As Judge Horan's memorandum opinion and order involves a nondispositive matter, Ausler's objections are governed by Federal Rule of Civil Procedure 72(a), which provides, in pertinent part, that "[t]he district judge ... must ... modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." *Id.* "When a party appeals a magistrate judge's order, [it] must demonstrate

how the order is reversible under the applicable standard of review – *de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, No. 3:02-cv-1992-D, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003); *see also Stanissis v. Dyncorp Int'l, LLC*, Nos. 3:14-cv-2736-D & 3:15-cv-2026-D, 2015 WL 5603722, at *1 (N.D. Tex. Sept. 23, 2015) (setting out the applicable standards of review under Rule 72(a)).

As Judge Horan explained,

> [c]onsidering Ausler's allegations against Title VII's venue provisions, he alleges that his former employer is in Round Rock, Texas, *see* Dkt. No. 3 at 3, 15, that he traveled as an installer, *see, e.g.*, *id.* at 4 (alleging that his "job duties included, but were not limited to, traveling state to state to jobsites to assemble, disassemble, and relocate furniture systems"), and that discriminatory acts occurred at various job sites outside of Round Rock, *see* Dkt. No. 8 at 3-4 (in Sugarland, Texas; New Orleans, Louisiana; Denver, Colorado; and Dallas, Texas).
>     But, after reviewing Ausler's allegations as a whole, he does not allege that specific discriminatory actions occurred at one remote worksite or another that would outweigh the tenor of his allegations – that, while the discriminatory conduct may have been felt by Ausler at various jobsites, the alleged conduct emanated from his employer's headquarters in Round Rock. *See, e.g.*, *Fowler v. Deloitte & Touche, LLP*, Civ. A. No. 15-2695, 2017 WL 1293983, at *8 (W.D. La. Mar. 24, 2017) ("Under the first prong [of Section 2000e-5(f)(3)], an employment practice is 'committed' where the alleged discriminatory conduct occurred, rather than where its effects are felt." (citing *Kapche v. Gonzales*, Civ. A. No. V-07-31, 2007 WL 3270393, at *4 n 4 (S.D. Tex. Nov. 2, 2007) ("Under the plain language of section 2000e-5(f)(3), the location where improper discriminatory conduct occurs rather than where its effects are felt is where venue properly lies." (collecting cases))))).
>     The judicial district and division in which Round Rock lies is also likely where the employment records relevant to the alleged discriminatory practices are maintained and administered, as reflected by the EEOC Dismissal and Notice of Rights attached to Ausler's complaint. *See* Dkt. No. 3 at 15.
>     This document also reflects that Ausler pursued his EEOC administrative action where he resided at the time, as the Dismissal and Notice of Rights was issued by the EEOC's office in Little Rock, Arkansas

> to Ausler at an address in Plumersville, Arkansas. *See id.* And he appears to have repeated this practice by filing this lawsuit in this judicial district and division, as he currently resides in Carrollton, Texas, a municipality that in part lies within this judicial district and division. But "a plaintiff's residence is … equally insufficient … to establish venue under 42 U.S.C. § 2000e-5(f)(3)" and "to overcome a plaintiff's choice of venue where[, like here,] other provisions of 42 U.S.C. § 2000e-5(f)(3) are satisfied." *Graham v. Spireon, Inc.*, No. 14-cv-00131, 2014 WL 3714917, at *2-*3 (N.D. Ill. July 25, 2014) (citations omitted).
>
> The Court would reach the same conclusion – that venue is proper in Round Rock, not in Dallas – to the extent that the general venue statute, 28 U.S.C. § 1391(b), also applies here. Section 1391(b) provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction.

Dkt. No. 10 at 3-5.

Applying the standards set above to Judge Horan's analysis and his conclusion that this case should be transferred to the Austin Division of the Western District of Texas, the Court finds that no part of the memorandum opinion and order is clearly erroneous or contrary to law. Accordingly, Ausler's objections are **OVERRULED**, and the Court **AFFIRMS** Judge Horan's memorandum opinion and order and **DIRECTS** the Clerk of Court to transfer this action to the Austin Division of the Western District of Texas for the reasons set out therein.

**SO ORDERED** this 12th day of January, 2021.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE